IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                             ORDER

            Plaintiff,

                                  08-cr-101-bbc

           v.                            09-cv-423-bbc

KENYOTTA JONES,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 6, 2009, defendant Kenyotta Jones filed a post-conviction motion pursuant to 28 U.S.C. § 2255. At that time, he did not file any brief or supporting memoranda. In an order dated July 14, 2009, I gave defendant until August 3, 2009 in which to file his supporting documents. On July 30, 2009 defendant wrote the court, asking for appointment of counsel and another extension of time in which to file a supporting brief. I denied his motion for appointment of counsel without prejudice and gave him until August 31, 2009 in which to file his supporting paperwork. It is now mid-September and defendant has filed no additional documentation with the court. Before I dismiss defendant's § 2255 motion I will give him one additional opportunity to file his supporting documents with the court.

1

If defendant does not file any supporting memorandum or inform the court that he wishes to withdraw this motion by October 19, 2009, his petition will be denied.  Defendant should be aware that in that instance, he will not have another chance to file a § 2255 motion without the advance permission of the court of appeals.  § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").

If defendant chooses not to pursue the motion presently filed, he should keep in mind the time limits that apply to the filing of motions for § 2255 relief.  In particular, he should take particular notice that 28 U.S.C. § 2255 sets out four events that trigger the one-year limitations period for the filing of post-conviction motions: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States); (3) the date on which the facts supporting the claims could have been discovered through the exercise of due diligence; or (4) the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

ORDER

IT IS ORDERED that defendant Kenyotta Jones may have until October 19, 2009, in which submit a memorandum in support of his § 2255 motion or to advise the court whether he wishes to withdraw his motion.   If defendant does not respond to this order by October 19, 2009, I will deny his motion.

Entered this 15th day of September, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge