IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                         ORDER

            Plaintiff,

                                                                   08-cr-101-bbc

     v.                                                        09-cv-423-bbc

KENYOTTA JONES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In July 2009, defendant Kenyotta Jones filed a post conviction motion under 28 U.S.C. § 2255. At the time, he did not file a brief in support of the motion, but asked for an opportunity to do so. After obtaining several extensions of time, he filed a document on September 15, 2009, in which he raises a claim of ineffective assistance of counsel. He alleges that his counsel did not contest the notice served on him by the government under 21 U.S.C. § 851 and did not give him constitutionally adequate representation in other respects. He alleges also that his counsel did not contest any motion, did "not reject a lot of false things" in the presentence report, did not contest the weight of the drugs, did not go over the presentence report with him and did not ask the court for a two-point reduction

1

in defendant's sentence (presumably under the amendment to the sentencing guidelines to account for the disparity in sentences for powder and crack cocaine).

BACKGROUND

Defendant was indicted in this court on June 25, 2008, on five counts of distributing cocaine or cocaine base (crack cocaine). Prior to trial, the government filed an information under 21 U.S.C. § 851, giving notice of enhanced penalties resulting from defendant's 1999 felony conviction in the Circuit Court for Dane County, Wisconsin for possession with intent to distribute cocaine. Defendant entered a plea of guilty to count four of the 2008 indictment in this court on September 30, 2008. His advisory guidelines range under the November 2007 guidelines manual (which had been amended to reduce the disparities between sentences for powder and crack cocaine) was 262 to 327 months because he was determined to be a career offender. On December 18, 2008, he was sentenced to a term of 262 months, which was 22 months more than the minimum mandatory sentence of 20 years. This sentence was deemed necessary in light of defendant's long history of drug distribution, his substance abuse history, the variety and quantity of illegal drugs recovered in the search of his residence and his selling drugs in the presence of his minor children. Defendant did not appeal his sentence.

DISCUSSION

Post conviction motions are not intended to substitute for appeals. Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.'") The general rule is that a defendant filing a post conviction motion may not raise any issue he could have or did raise on direct appeal. This rule does not prevent defendant from raising his claim of ineffectiveness of counsel because that issue is not well suited for direct appeal. Almost always, showing ineffectiveness requires proof of matters outside the record of the trial court proceeding, such as the thoroughness of counsel's investigation or the advice that counsel gave. Reserving this issue for post conviction proceedings gives a defendant an opportunity to adduce evidence to support his claim, which he could not do on direct appeal. Massaro v. United States, 538 U.S. 500, 509 (2003) (defendant challenging federal conviction under § 2255 could raise ineffective assistance of counsel claim in collateral proceeding, even if he could have raised claim on direct appeal but did not).

I turn then to defendant's challenge to his § 851 notice. The timely filing of a § 851 notice allows the government to seek a higher penalty for persons who have prior convictions for crimes of violence or felony controlled substance offenses. Under the statute, a defendant may deny any allegation or a prior conviction or show that the conviction at issue was invalid, 21 U.S.C. § 851(c).

3

Although defendant faults his retained counsel for failing to challenge the § 851 notice, he does not identify anything that counsel should have done in that respect. In fact, the law makes it plain that nothing could have been done. Subsection (e) of § 851 provides that

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

The prior conviction on which the government relied for its § 851 notice dates back to 1999, more than five years before the government filed the information against defendant in 2008. It would have been futile for defendant's counsel to try to challenge it, since the law prohibited doing so.

If defendant is challenging the § 851 notice on the ground that his 1999 conviction was not a felony conviction, the presentence report shows that he is wrong. Although defendant's sentence was only a year in jail, the charge against him (possession with intent to distribute 5-15 grams of cocaine) was a felony.

Defendant alleges that his counsel "didn't represent [him] to the fullest," but the standard of effectiveness is not "the best possible representation." Instead, a persons seeking to show constitutionally inadequate representation must show that the representation he received fell outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).

4

Most of defendant's allegations about his counsel's shortcomings are belied by the statements defendant made on the record at the time of sentencing. At that time, he was asked whether he had any objections to anything in the presentence report. If he believed that "there were a lot of false things in [his] PSI report," as he says now or if he thought his lawyer had not spent enough time with him reviewing the report, he should have brought these matters to the court's attention. He did not. Instead, he told the court that he did not object to anything in the report, thus giving up his chance to raise any challenges to the report at a later time.

In addressing statements made a defendant at a plea hearing, the Court of Appeals for the Seventh Circuit has emphasized the great weight that the court places on these statements, e.g., United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) ("the record of a Rule 11 proceeding is entitled to a 'presumption of verity' . . . and the answers contained therein are binding") (quoting United States v. Winston, 34 F.3d 574, 578 (7th Cir. 1994)). Statements made at a sentencing hearing are entitled to a similar presumption, particularly when, as in this case, defendant has not offered any explanation for his change of mind about his statements at his sentencing hearing.

As for counsel's alleged failure to ask for the two-point reduction for possession of crack, he had no reason to do so. The guidelines on which defendant's sentence had been calculated had been amended to incorporate the two level-reduction.

Finally, defendant alleges that his counsel failed to contest any motion, but he does not identify any motion that he thinks should have been challenged, so I cannot evaluate the allegation. Therefore, I conclude that defendant's motion must be denied for his failure to show that his sentence is illegal in any respect.

Defendant has asked for the appointment of counsel. His request will be denied now that I have found that he has not stated any ground on which his sentence could be found to be improper.

ORDER

IT IS ORDERED that defendant Kenyatta Jones's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED and his request for appointment of counsel is DENIED as moot.

Entered this 3d day of November, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge